UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KEVIN STERLING

VERSUS

STATE FARM FIRE AND
CASUALTY COMPANY

CIVIL ACTION

NO. 09-739-BAJ-DLD

# RULING

This matter is before the Court on a Motion by defendant, State Farm Fire and Casualty Company, to dismiss for failure to comply with an Order of the Court (doc. 31). Plaintiff, Kevin Sterling, has filed an opposition to the motion (doc. 32) and defendants have filed a reply to the opposition (doc. 36).

Plaintiff filed this action on July 6, 2009, seeking to recover, under a homeowner's insurance policy issued by defendant, for damages allegedly sustained to his roof as a result of Hurricane Gustav. Defendants assert that they disbursed funds to plaintiff for a new roof after he claimed similar damages sustained during Hurricane Katrina. According to defendant, plaintiff failed to provide satisfactory evidence that he had used the earlier funds to replace the roof after Hurricane Katrina (doc. 17, pp. 1-3).[1]

Upon citing grounds for diversity jurisdiction, defendant removed this matter on September 4, 2009, (doc. 1) and filed an answer to the complaint on September

---

[1] Defendant also asserts that, although only three years had passed since Hurricane Katrina, an October 6, 2008 inspection of the roof, performed about one month after Hurricane Gustav, produced significant evidence that the roof at that time was over ten years old (doc. 17, pp. 3-4).

21, 2009. Prior to removal, however, the state court granted a motion by plaintiff's attorneys to withdraw (doc. 12, p. 21). Thus, plaintiff was proceeding *pro se* at the time of removal. On December 17, 2009, after plaintiff failed to appear for a scheduling conference on December 10, 2009, the Magistrate Judge ordered plaintiff to personally appear and show cause why the matter should not be dismissed for failure to prosecute (doc. 18). After plaintiff obtained new counsel, the show-cause hearing was cancelled and new discovery deadlines were established (doc. 22).

On May 27, 2011, the Magistrate Judge granted a motion by defendant to compel plaintiff's response to interrogatories and requests for production. In doing so, the Magistrate Judge noted that plaintiff had been previously been granted an extension of time to provide responses, but, still failed to respond before the extended deadline. Accordingly, the Magistrate Judge ordered that reasonable costs of the motion not to exceed $250.00, excluding attorneys' fees, should be borne by plaintiff. Plaintiff was also cautioned that "repeated failure to respond to discovery may result in additional sanctions, including the awarding of attorneys' fees." (Doc. 25).

On September 13, 2010, the Magistrate Judge granted a motion by defendant to compel plaintiff's deposition. In granting that motion, the Magistrate Judge noted that plaintiff had tried on multiple occasions to schedule a deposition. The Magistrate Judge further noted that, after having been offered several dates

2

from which to choose, plaintiff, nonetheless, failed to appear at a deposition scheduled for August 2, 2010, and subsequently failed to appear at a deposition scheduled for August 6, 2010, despite having been issued a subpoena in conjunction with the latter date.[2]

Accordingly, the Magistrate Judge once again awarded defendant reasonable costs not to exceed $250.00, excluding attorneys' fees. Moreover, plaintiff was ordered to submit to a deposition by October 1, 2010, and cautioned that failure to comply "*will* result in sanctions under Rule 37(d) and Rule 37(b) of the Federal Rules of Civil Procedure, up to and including dismissal of the action." (Doc. 29, (emphasis added)).

Defendant filed the present motion to dismiss on October 12, 2010, asserting that plaintiff failed to respond after being contacted and "asked for his availability for the court-ordered deposition" (doc. 31-1, p. 3).[3] Plaintiff's counsel asserts that plaintiff suffers from renal failure and states that defendants must work "around his dialysis schedule" (doc. 32. P. 2). Plaintiff's counsel further asserts that "this is a matter that can be work [sic] out between the parties (*Id.*).

The Court's review of the record demonstrates not only that plaintiff failed to attend two mutually scheduled depositions (*see*, doc. 29, p. 2), but also that plaintiff

---

[2]The Magistrate Judge also noted that plaintiff had failed to file a timely opposition to the motion to compel (doc. 29, p. 2).

[3]Defendants also assert that plaintiff has not reimbursed defendant for costs as previously ordered (doc. 31-1, p. 3).

failed to comply with the Order of September 10, 2010, despite: (1) Having been cautioned that failure to cooperate in discovery may result in sanctions, and (2) Having been specifically cautioned that a failure to comply with the Court's Order of September 10, 2010, "will result in sanctions . . . up to and including dismissal of the action." Moreover, the Court notes that over a year has passed since plaintiff was ordered to submit to the deposition, and though plaintiff has opposed the motion, nothing in the record demonstrates that plaintiff has taken any action to comply with the Court's Order.

Federal Rule of Civil Procedure 37(b)(2)(A)(v) provides, in pertinent part, that, "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the issue is pending may . . . dismiss[ ] the action or proceeding in whole or in part . . . ." Rule 37(d) provides that "where a party fails, after being served with proper notice, to appear for that person's deposition" the court may issue sanctions, including "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed.R.Civ.P. 37(d)(1)-(3). However, "[a] district court's 'dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice.'" *Millan v. USAA General Indem. Co*, 546 F.3d 321, 326 (5th Cir. 2008) (quoting, *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981) (quoting, *Durham v. Fla. East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967), and *Brown v. Thompson*, 430 F.2d 1212, 1216 (5th Cir. 1970). Moreover, the Fifth Circuit notes that, where it has affirmed

4

dismissals with prejudice, "'it has generally found at least one of the three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 795 F.2d 472, 474 (5th Cir. 1986)). The sanction of dismissal pursuant to Rule 37 "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League, v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976).

In the present matter, the Court finds that plaintiff's failure to attend mutually scheduled depositions or to comply with the Court's Order is delay attributable to plaintiff, himself, and not his attorney. Moreover, the Court's review of this matter demonstrates that a clear record of delay or contumacious conduct by the plaintiff exists, and a lesser sanction would not better serve the interests of justice. Accordingly, the motion shall be granted insofar as defendant seeks dismissal of this matter.

Defendant also seeks an award, pursuant to Federal Rules of Civil Procedure 37(b)(2)(C) and 37(d)(3), of reasonable costs incurred in filing the motion to dismiss. Rule 37(b)(2)(C) provides that "[i]nstead of or in addition to the orders above, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees caused by the failure, unless

5

the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C) (emphasis added). Rule 37(d)(3) provides that "[i]nstead of or in addition to [sanctions listed in Rule 37(b)(2(A)(i)-(vi)], the court *must* require the party failing to act, the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(d)(3) (emphasis added).

Though plaintiff's counsel argues that his client must undergo dialysis, he also states that scheduling a deposition in this case "is a matter that can be work [sic] out between the parties." Thus, plaintiff's medical condition does not render the deposition impossible. The Court also notes that plaintiff's counsel does not dispute that: (1) Plaintiff has been offered numerous dates for the deposition; (2) Plaintiff has failed to attend two mutually scheduled depositions; and (3) Plaintiff has failed to comply or respond in any way to the Court's Order dated September 10, 2010. In light of all of the foregoing, the Court finds that plaintiff's failure to submit to a deposition as ordered by the Court was not substantially justified. The Court further finds no other circumstances that make an award under Rule 37 unjust.

## CONCLUSION

For all of the foregoing reasons, the motion by defendant for dismissal and for reasonable costs and attorneys' fees associated with the motion (doc. 31) is **GRANTED**, and a separate order shall issue dismissing this matter with prejudice and ordering plaintiff to pay the reasonable expenses, including attorneys' fees incurred by defendant in filing the present motion to dismiss.

Baton Rouge, Louisiana, October 17, 2011.

*[signature]*

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA